IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EVANSTON NORTHSHORE HOTEL PARTNERS, LLC, an Illinois corporation, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>POOLMAN OF WISCONSIN, INC. and WESLEY E. WIEDENBECK,<br><br>Defendants. | ) | No. 15-cv-422 |

## AMENDED CLASS ACTION COMPLAINT

Plaintiff, Evanston Northshore Hotel Partners, LLC d/b/a Best Western University ("Plaintiff"), brings this action on behalf of itself and all other persons similarly-situated and, except as to those allegations pertaining to Plaintiff, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, POOLMAN OF WISCONSIN, INC. ("Poolman") and WESLEY E. WIEDENBECK ("Wiedenbeck") (collectively "Defendants").

## PRELIMINARY STATEMENT

1. This case seeks relief from Defendants' unsolicited fax advertisements.

2. Defendants sent such advertisements in an attempt to advertise their swimming pool, hot tub, and fireplace service, sales, and repair business.

3. The federal Telephone Consumer Protection Act, 47 U.S.C. 227 (the "TCPA"), prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes").

4. The TCPA mandates that when a person or entity sends a fax advertisement it must always include a very specific opt-out notice that is clearly and conspicuously displayed on the first page of the advertisement. *See* 47 U.S.C. § 227 (b) (2) (D); and 47 C.F.R. § 64.1200 (a) (4) (iii).

5. The TCPA provides a private right of action and provides statutory damages of $500 per violation. If the Court finds the advertisements were sent knowingly or willfully, then the Court may treble the damages.

6. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes tie up the telephone lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

7. On behalf of itself and all others similarly-situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the

common law of conversion, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFA").

8. Plaintiff seeks an award of statutory damages for each violation of the TCPA, injunctive relief, and attorney's fees.

## PARTIES, JURISDICTION AND VENUE

9. Plaintiff is an Illinois limited liability company with its principal place of business in Cook County, Illinois. Plaintiff operates a hotel in Evanston, IL.

10. Poolman is a Wisconsin corporation.

11. Wiedenbeck is an officer and one of the owners of Poolman, and is a resident of Wisconsin.

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

13. Venue is proper in this Court because Defendants committed a statutory tort within this district and a significant portion of the events took place here.

## FACTS

14. Poolman is a swimming pool, hot tub, and fireplace service, sales, and repair business.

15. Wiedenbeck is a 50% owner of Poolman. His wife owns the other 50% of Poolman. Wiedenbeck is an officer and director of Poolman.

16. On December 15, 2006, Plaintiff received an unsolicited fax advertising Defendants' products and services. A true and correct copy of the fax advertisement Plaintiff received is attached as Exhibit A.

17. Exhibit A advertises the commercial availability of Defendants' goods, products, or services. Specifically, it promotes Defendants' business of selling pool and hot tub parts.

18. Plaintiff did not invite or give permission to anyone to send Exhibit A to it.

19. Exhibit A does not contain a clear and conspicuous opt-out notice. Additionally, the opt-out notice does not include information that failure by Defendant to comply with an opt-out request within 30 days is unlawful as required by the TCPA. Exhibit A. Moreover, the opt-out notice does not contain a domestic toll free facsimile number as required by the TCPA. *Id.*

20. On the face of the subject fax, it is not understood whether the telephone number identified in the notice was available to Plaintiff to make an opt-out request 24 hours a day, 7 days a week, as required by the TCPA. Exhibit A.

21. Through a third party fax broadcaster doing business as "Business to Business Solutions," ("B2B") Defendants sent the same advertisement by fax to thousands of other recipients without their prior express permission or invitation.

22. Wiedenbeck was personally and directly involved with the transmission of Exhibit A to Plaintiff and to the putative class members. Wiedenback made the decision to hire B2B to send Defendants' advertising faxes.

Wiedenbeck contacted B2B and then worked with B2B to design the content and layout of Exhibit A. Wiedenbeck approved the final design of Exhibit A and then paid B2B to transmit Exhibit A as a facsimile.

23. Wiedenback had previously hired B2B to send fax advertisements in March 2006 and decided to hire B2B to send additional faxes in December 2006.

24. Wiedenback, personally, authorized B2B to send Exhibit A via facsimile.

25. On April 21, 2009, a Class Action Complaint was filed in the Circuit Court of Cook County, IL (the "Illinois trial court"), styled *Uesco Industries, Inc., et al. v. Poolman of Wisconsin, Inc.*, No. 09 CH 16028, and alleging TCPA claims on behalf of a class defined as follows:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for ,the sending of such faxes and (4) with whom Defendant did not have an established business relationship.

26. On December 9, 2010, the Uesco plaintiff filed a second amended motion for class certification, seeking certification of a class defined as follows:

> All persons who were sent one or more facsimiles in 2006 advertising the commercial availability of goods or services at WaterWayDirect.com, AquaFloDirect.com, PacFabDirect.com, or HaywardPartsDirect.com, without express consent, and without a prior established business relationship.

27. On August 10, 2011, the Circuit Court of Cook County, IL granted that motion.

28. On March 5, 2010, Wiednebeck was deposed in the *Uesco Industries v. Poolman of Wisconsin*, case in which he testified as to his direct and personal involvement in the conduct that caused the legal violations complained in this Complaint.

29. On June 17, 2013, the Illinois Appellate Court reversed the Illinois trial court's decision that Uesco was adequate to represent the class. *Uesco Industries, Inc. v. Poolman of Wisconsin, Inc.*, 2013 IL App (1st) 112566373, 993 N.E.2d 97.

30. On September 25, 2013, the Supreme Court of Illinois denied Uesco's petition for leave to appeal.

31. On remand, Defendant filed a motion with the Illinois trial court seeking "an order denying [the Uesco] Plaintiff's motion for class certification" and "a final judgment in Defendant's favor and against Plaintiff [Uesco]."

32. Uesco responded by arguing, *inter alia*, that the Illinois trial court should permit another class member to join the case as named plaintiff to represent the class.

33. On June 16, 2014, the Illinois trial court entered an order dismissing Uesco's claims with prejudice, reversing and vacating the order of certification, and permitting any putative class member to seek intervention by July 7, 2014. A true and correct copy of that order is attached as <u>Exhibit B</u>.

34. On July 3, 2014, Plaintiff filed a petition to intervene or be joined as a named plaintiff and requested leave to file a second amended class action complaint.

35. On January 15, 2015, the Illinois trial court denied Plaintiff's petition/motion.

36. On January 16, 2015, Plaintiff filed its Class Action Complaint in this Court. Doc. 1.

## CLASS REPRESENTATION ALLEGATIONS

37. Plaintiff brings this action on behalf of a class (the "Class") defined as follows:

> All persons who were sent one or more facsimiles in December 2006 advertising the commercial availability of goods or services at WaterWayDirect.com, AquaFloDirect.com, PacFabDirect.com, or HaywardPartsDirect.com.

38. Excluded from the Class is any Judge assigned to this action, and his or her family.

39. This action is brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23. This action satisfies the numerosity, commonality, typicality, adequacy requirements under Rule 23 (a). Additionally, prosecution of Plaintiff's claims separately from the putative class's claims would create a risk of inconsistent or varying adjudications under Rule 23 (b) (1) (A). Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23 (b)

(3).

40. Numerosity/Impracticality of Joinder: The Class members number in the thousands, so individual joinder is impracticable.

41. Commonality and Predominance: There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from one Class member to another, and which may be determined without reference to the individual circumstances of any Class member, include, but are not limited to the following:

a. Whether Defendants sent unsolicited fax advertisements;

b. Whether Exhibit A advertised the commercial availability of property, goods or services;

c. The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A;

d. Whether Defendants caused Exhibit A to be sent without first obtaining the recipients' express permission or invitation;

e. Whether the opt-out notice on Exhibit A complied with the TCPA and the FCC's regulations;

f. Whether Plaintiff and the other Class members are entitled to statutory damages;

g. Whether the Court should enjoin Defendants from sending advertisements by fax; and

h. Whether the Court should treble the statutory damages;

i. Whether Defendants' conduct as alleged herein constituted conversion; and

j. For the Illinois members of the Class, whether Defendants' conduct as alleged herein was unfair under ICFA

42. <u>Typicality of claims</u>: Plaintiff's claims are typical of the claims of the Class because Plaintiff and all Class members were injured by the same wrongful practices. Plaintiff and the members of the Class are all individuals who received unsolicited fax advertisements from Defendants that also did not contain an opt-out notice pursuant to the TCPA. Under the facts of this case, because the focus is upon Defendants' conduct, if Plaintiff prevails on its claims, then the putative Class members must necessarily prevail as well.

43. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Class because its interests do not conflict with the interests of the members of the Class it seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to vigorously prosecute this action. The interests of members of the Class will be fairly and adequately protected by Plaintiff and its counsel.

44. <u>Prosecution of Separate Claims Would Yield Inconsistent Results</u>: Even though the questions of fact and law in this action are predominately common to Plaintiff and the putative Class members, separate adjudication of each Class member's claims would yield inconsistent and varying adjudications. Such

inconsistent rulings would create incompatible standards for Defendants to operate under if/when Class members bring additional lawsuits concerning the same unsolicited fax advertisements of if Defendants choose to advertise by fax again in the future.

45. **Common Questions Predominate and this Class Action is the Superior Method to Resolve the Controversy.** A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all class members is economically unfeasible and procedurally impracticable. The likelihood of class members prosecuting separate claims is remote and, even if every class wanted to spend the money pursuing individual litigation, the public courts would be unduly burdened by those cases. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be proper.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

46. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

47. Plaintiff brings Count I on behalf of itself and the other members of the Class.

48. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227 (b) (1).

49. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. § 227 (a) (4).

50. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> > (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C) Both such actions.

51. In relevant part, the TCPA states that "[t]he Commission shall prescribe regulations to implement the requirements of this subsection . . . in implementing the requirements of this subsection, the Commission shall provide that a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (i) the notice is clear and conspicuous . . ." 47. U.S.C. § 227 (b) (2) (D) (i).

52. Additionally, "a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone

facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful . . . .” 47 U.S.C. § 227 (b) (2) (D) (ii). The shortest reasonable time has been determined to be thirty (30) days. 47 C.F.R. § 64.1200 (a) (4) (iii) (B).

53. The opt-out notice must also include “a domestic contact telephone and facsimile number for the recipient to transmit such a request to the sender” as well as a “cost-free mechanism for a recipient to transmit a request pursuant to such notice . . . .” 47 U.S.C. § 227 (b) (2) (D) (iv).

54. Moreover, “a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (v) the telephone and facsimile machine numbers and the cost-free mechanism . . . permit an individual or business to make such a request at any time on any day of the week.” 47 U.S.C. § 227 (b) (2) (D) (v).

55. The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

56. Defendants violated 47 U.S.C. § 227 et seq. by sending Exhibit A to Plaintiff and the other Class members without first obtaining their prior express invitation or permission.

57. Wiedenbeck is personally liable under the TCPA because he is an officer, owner, or director of Poolman and who directly and personally participated in the conduct that caused the TCPA violations.

58. Wiedenbeck is personally liable under the TCPA because he is an officer, owner, or director of Poolman and he personally authorized the conduct that caused the TCPA violations.

59. Defendants violated 47 U.S.C. § 227 et seq. by not providing a clear and conspicuous opt-out notice. The notice that Defendants did include was in tiny font at the very bottom of the page. Additionally, Defendants failed to provide a toll-free facsimile number that allowed Plaintiff and the Class members to make an opt-out request at any time on any day of the week.

60. Defendants violated 47 U.S.C. § 227 et seq. by not including in the opt-out notice that Defendants were to comply with any opt-out request within 30 days, or their conduct would be considered unlawful.

61. Facsimile advertising imposes burdens on unwilling recipients that are distinct from the burden imposed by other types of advertising. The content of the required opt-out notice is designed to ensure that the recipients have the necessary contact information to opt-out of future fax transmissions. If senders do not clearly and conspicuously provide the opt-out content to the recipients, then the senders fail to enable the recipients with the appropriate information to stop the burden imposed by this form of advertisement.

62. The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other Class members even if their actions were negligent.

63. Moreover, Defendants are liable to Plaintiff and the other Class members under the TCPA for failing to include a compliant opt-out notice even if

Defendants had an established business relationship with some class member before the faxes were sent.

64. Defendants are liable because they sent the faxes or caused the faxes to be sent or because the faxes advertised Defendants' products, goods, or services.

65. Defendants knew or should have known that Plaintiff and the other Class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods, products, or services, that Exhibit A is an advertisement, and that Exhibit A did not display the proper opt out notice as required by the TCPA.

66. Even if Defendants could prove it had an established business relationship with any member of the Class, the opt-out notice on Exhibit A did not comply with the TCPA and the FCC's regulations.

67. Defendants' actions caused damages to Plaintiff and the other Class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, the subject faxes used Plaintiff's and the Class's fax machines. The subject faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' faxes unlawfully interrupted Plaintiff's and the other Class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other Class members from the sending of Exhibit A occurred outside Defendants' premises.

68. The Court should award $500 in statutory damages to each member of the Class for each of Defendants' violations of the TCPA.

69. If the violations were knowing or willful, the Court should treble those statutory damages.

70. Even if Defendants did not intend to cause damage to Plaintiff and the other Class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly-situated, demands judgment in its favor and against Defendants, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the Class, and appoint Plaintiff's counsel as counsel for the Class;

B. That the Court award $500.00 in damages for each violation of the TCPA;

C. That the Court enter an injunction prohibiting Defendants from sending any advertisement by fax;

D. That the Court treble the statutory damages to $1,500 for each violation if Defendants' violations were willful or knowing; and

E. That the Court award costs and such further relief as the Court may deem just and proper.

## COUNT II
## CONVERSION

71. Plaintiff incorporates paragraphs 1 through 45 as though fully set forth herein.

72. Plaintiff brings Count II on behalf of itself and the other members of the Class.

73. By sending unsolicited faxes to the Class, Defendants improperly and unlawfully converted Class members' fax machines, toner and paper to their own use. Defendants also converted Class members' valuable time to their own use.

74. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other Class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

75. By sending the unsolicited faxes, Defendants permanently misappropriated the Class members' fax machines, toner, paper, and employee time to their own use. Such misappropriation was wrongful and without authorization.

76. Defendants knew or should have known that their misappropriation of paper, toner, and employee time was wrongful and without authorization.

77. Plaintiff and the other Class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each Class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendants.

78. Defendants' unsolicited fax effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and

reviewing Defendants' illegal fax. Defendants knew or should have known employees' time is valuable to Plaintiff.

79. Wiedenbeck is personally liable for Conversion because he is an officer, owner, or director of Poolman and who directly and personally participated in the conduct that caused the Conversion.

80. Wiedenbeck is personally liable for Conversion because he is an officer, owner, or director of Poolman and he personally authorized the conduct that caused the Conversion.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly-situated, demands judgment in its favor and against Defendants, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the Class, and appoint Plaintiff's counsel as counsel for the Class;

B. That the Court award appropriate damages;

C. That the Court award costs of suit; and

D. Awarding such further relief as the Court may deem just and proper.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/2

81. Plaintiff incorporates paragraphs 1 through 45 as though fully set forth herein.

82. Plaintiff brings Count III on behalf of itself and the Illinois members of the Class pursuant to 815 ILCS 505/2, *et seq*. (the "ICFA").

83. Defendants' unsolicited faxes were part of an unfair practice that violated public policy, and forced Plaintiff and the other Class members to incur expense without any consideration in return. Defendants' practice effectively forced Plaintiff and the other Class members to pay for Defendants' advertising campaign.

84. Defendants violated the unfairness predicate of the ICFA by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

85. Defendants' misconduct caused damages to Plaintiff and the other members of the Class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

86. Defendants' actions caused damages to Plaintiff and the other Class members because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal fax and that time otherwise would have been spent on Plaintiff's business activities.

87. Wiedenbeck is personally liable under the ICFA because he is an officer, owner, or director of Poolman and who directly and personally participated in the conduct that caused the ICFA violations.

88. Wiedenbeck is personally liable under the ICFA because he is an officer, owner, or director of Poolman and he personally authorized the conduct that caused the ICFA violations.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly-situated, demands judgment in its favor and against Defendants, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the Class Representative, and appoint Plaintiff's counsel as counsel for the Class;

B. That the Court award damages to Plaintiff and the other Class members;

C. That the Court award attorneys' fees and costs; and

D. That the Court enter an injunction prohibiting Defendants from sending unsolicited faxed advertisements to Illinois consumers.

Respectfully submitted,

EVANSTON NORTHSHORE HOTEL PARTNERS, LLC

By: /s/ Phillip A. Bock
One of its attorneys

Phillip A. Bock
Jonathan B. Piper
Daniel J. Cohen
Tod A. Lewis
James M. Smith
BOCK & HATCH, LLC
134 N. La Salle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500
phil@bockhatchllc.com

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
bwanca@andersonwanca.com

# EXHIBIT A

Personal and Confidential for:
NAMEHERE
ADDRESSHERE
CITYHERE, STATEHERE ZIPHERE
Phone: PHONEHERE Fax: FAXHERE

PacFab

CHALLENGER PUMPS

# ATTN:
# Commercial Swimming Pool Maintenance Department

~~~~~~~~~~~~~~~~~~~~~~~~~~~

## Wholesale Prices on Swimming Pool Pumps, Filters, Chlorinators, etc

★ **Complete Online Parts Catalogs with Explosion Pictures** ★

## Over 120 Distribution Centers Nationally



★ **Largest Pool & Spa Parts Selection in Stock**

★ **Same Day Shipping on Most Items**

★ **Complete Manufacturers Catalog Online with Explosion Pictures**



Triton II Filters





Pentair Pool Products

Totally Hayward

purex triton Swimming Pool Systems

**Order Online @**

**www.PacFabDirect.com**
**www.HaywardPartsDirect.com**
**www.AquaFloDirect.com**

**Or Fax in Orders to 715-838-8355**

If you received this fax in error and would like to be removed from our database, call toll free 1-800-511-8261
~~~~~~~~~~~~~~~~~~~~~~~~~~~

# EXHIBIT B

Order (2/24/05) CCG N002

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

VESCO INDUSTRIES

v.

POOLMAN OF WI

No. 09 CH 16028

ORDER

This matter coming to be heard on defendant's motion for entry of judgment, IT is hereby ordered as follows:
(1) VESCO IS dismissed WITH prejudice; ~~pos~~

~~[illegible]~~

(2) the order of certification is reversed and VACATED;

(3) the motion for judgment is entered and continued to July 9, 2014 at 9:30 a.m

(4) ANY PUTATIVE CLASS member seeking to INTERVENE shall file by July 7, 2014.

Atty. No.: 6181345

Name: Eric Samore

Atty. for: Defendant

Address: Smith Amundsen

City/State/Zip:

Telephone: 312-894-3251

ENTERED:

Dated:

ENTERED
JUDGE FRANKLIN ULYSSES VALDERRAMA-1968
JUN 16 2014
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL
DEPUTY CLERK

Judge Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy Distribution - White: 1. ORIGINAL - COURT FILE Canary: 2. COPY Pink: 3. COPY